IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARI MILLER and SAMANTHA PAULSON, on behalf of themselves and those similarly situated,

    Plaintiffs,

  v.

PETER THOMAS ROTH, LLC; PETER THOMAS ROTH GLOBAL, LLC; PETER THOMAS ROTH LABS LLC; and DOES 1–100,

    Defendants.

No. C 19-00698 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## INTRODUCTION

In this false advertising action, two defendants move to dismiss for lack of personal jurisdiction. For the following reasons, the motion is **GRANTED IN PART** AND **DENIED IN PART**.

## STATEMENT

Plaintiffs are California residents who have filed a putative class action alleging false advertising regarding certain cosmetic products. Plaintiffs sued four entities bearing the name of Peter Thomas Roth, alleging all claims against each defendant equally: Peter Thomas Roth,

1 LLC ("PTR LLC"); Peter Thomas Roth Global, LLC ("PTR Global"); Peter Thomas Roth
2 Designs LLC; and Peter Thomas Roth Labs LLC ("PTR Labs").[*]

This motion is brought by two defendants, PTR LLC and PTR Global only. As PTR Labs filed an answer to plaintiffs' complaint and does in fact manufacture, advertise and sell cosmetic products in California and operates a marketing and sales website, PTR Labs is not part of this motion to dismiss.

Plaintiffs allege that all defendants are "large skin care companies that market, advertise and sell" the "Water Drench" and "Rose Stem Cell" products at issue in plaintiffs' complaint. The "Water Drench" products represent that the active ingredient, hyaluronic acid, will draw moisture from the atmosphere into the user's skin and will hold 1,000 times its weight in water for up to 72 hours. The Rose Stem Cell products represent that rose stem cells are capable of repairing, regenerating, and rejuvenating human skin (Dkt. No. 1-1 ¶¶ 1–2).

Specifically, plaintiffs assert six causes of action against PTR LLC, PTR Global, and PTR Labs arising from the manufacture and sale of each of both Rose Stem Cell Products and Water Drench Products, including (1) violation of the Consumer Legal Remedies Act, California Civil Code Section 1750, *et seq.*; (2) violation of Business and Professions Code Section 17500, *et seq.*; (3) fraud, deceit, and/or misrepresentation; (4) negligent misrepresentation; (5) violation of Business and Professions Code Section 17200, *et seq.*; and (6) unjust enrichment (Dkt. No. 1-1 ¶¶ 1, 103–212).

Defendants PTR LLC and PTR Global have moved pursuant to Rule 12(b)(2) to dismiss for lack of personal jurisdiction, arguing that neither company purposefully directs any activity into California, plaintiffs' claims do not arise from either defendant's activities in California, and haling them into court in California would be unreasonable (Dkt. No. 28 at 2).

As to PTR LLC, plaintiffs argue that it is subject to personal jurisdiction in California for two reasons: *First*, PTR Labs' website clearly stated that website users interact with and

---

[*] This action was originally filed in Superior Court of the State of California for Alameda County. Defendants removed the action to federal court, pursuant to 28 U.S.C. § 1332(d) based on diversity jurisdiction under the Class Action Fairness Act of 2005. Prior to removal, PTR Labs filed an answer to the complaint. On February 8, 2019, plaintiffs voluntarily dismissed PTR Designs LLC as a defendant.

2

contract with PTR LLC (via Terms of Service and privacy agreement on the website). *Second*, PTR LLC purposefully availed itself of the benefits and protections of California law by settling a separate, unrelated case in this forum, when PTR Labs and PTR LLC were called on to pay civil fines for failure to provide health and safety warnings pursuant to Proposition 65 for a sunscreen sold in California (Dkt. No. 26 at 10).

As to PTR Global, plaintiffs argue that it is subject to personal jurisdiction in California because PTR Labs acts as an agent for PTR Global.

## ANALYSIS

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the "plaintiff bears the burden of establishing that jurisdiction is proper." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The exercise of jurisdiction over a nonresident defendant requires that the defendant "have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two limitations on a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. California has adopted a typical "long-arm" statute, rendering jurisdiction coextensive with the outer limits of due process. *Data Disc, Inc. v. Systems Tech. Assocs., Inc*., 557 F.2d 1280, 1286 (9th Cir. 1977); CAL. CODE CIV. PRO. § 410.10.

Our court of appeals established a three-part test for determining when a court can exercise personal jurisdiction: (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarznegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.

If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable. *Burger King v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

Defendants argue in declarations that both PTR LLC and PTR Global are passive with limited or no business activity and that neither is involved with the manufacture, marketing, advertising or sale of the products at issue in the complaint or have any other business dealings that would confer personal jurisdiction over them in California. PTR LLC was formed solely to preserve the "Peter Thomas Roth" name as a corporate entity. PTR Global is a passive company with a fifty percent ownership interest in PTR Labs and has no control or direction over PTR Labs' business operations (Dkt. Nos. 11 at 1, 2, 3–4; 12 ¶¶ 3–4; 13 ¶¶ 3–4).

### 1. WHETHER PTR LLC HAS MINIMUM CONTACTS WITH THE FORUM.

#### A. Whether PTR LLC Purposefully Availed Itself Of the Benefits and Protections of California Law, Evidenced by Ptr Labs' Sales Webpages.

Plaintiffs argue that PTR LLC is the contracting entity for every purchase made at PTR Labs' website, as that website had published the name PTR LLC in the Terms of Service and the privacy agreement (Dkt. No. 26 at 1). As such, plaintiffs argue that PTR LLC "has significant connections with California via the website that distributes to California consumers the misrepresentations and products at issue in this case, but also collects a significant amount of data [acknowledged in the privacy agreement on the website] from Californians who visit its website" (*id*. at 12).

Defendant PTR LLC responds that the website, owned and operated by PTR Labs, mistakenly listed "PTR Labs" as "PTR LLC" on its website, and that this was a "typographical mistake." PTR LLC states that the website name has been corrected now to show as "PTR Labs, LLC" in all places previously noted as "PTR LLC" (Dkt. No. 28-1, Orezan Decl. ¶¶ 2–6).

The jurisdictional questions arising from the supposed "typographical mistake" of naming PTR LLC on PTR Labs' website are enough to hold this subject open for jurisdictional evidentiary discovery. Plaintiffs will have 75 days to conduct jurisdictional discovery. Thereafter, both sides may file supplements due two weeks later.

4

### B. Whether PTR LLC Purposefully Availed Itself Of the Benefits and Protections of California Law By Settling a Case in this Forum Pursuant to Proposition 65.

Plaintiffs also argue that PTR LLC "subjected itself to personal jurisdiction in California in a similar case that settled during the class period" (Dkt. No. 26 at 9). Pursuant to a Proposition 65 action, PTR Labs and PTR LLC entered into a settlement agreement in which they and numerous other defendants agreed to pay civil fines for the presence of benzophenone in products that each defendant sold in California.

As states enforce health and safety statutes and enter into preemptive settlement agreements with defendants who agree to comply and pay a fine, it is unreasonable to assume that each foreign defendant who signs a settlement agreement would open itself to personal jurisdiction akin to general jurisdiction simply by choosing to comply with state statutes. This is supported by the restrictive "Consent to Jurisdiction" clause in the settlement agreement that states,

> For purposes of this Consent Judgment only, the Parties stipulate that this Court has jurisdiction over Settling Defendants *as to the allegations in the Complaints,* . . . and that this Court has jurisdiction over the Parties to enter and enforce the provisions of this Consent Judgment pursuant to Proposition 65 and Code of Civil Procedure § 664.6 (emphasis added).

(Dkt. No. 26-6 at 5). This tailored clause in the settlement agreement points to an intention to have that specific court presiding over that settlement retain jurisdiction over those defendants only for allegations related to that case.

Plaintiffs argue that their current false advertising claims are similar to the settled case. Not so. The settlement was based on defendants' compliance with the State of California's regulatory statute. Even if the cases were similar, however, the larger question is whether plaintiffs can essentially bootstrap personal jurisdiction over PTR LLC — based on defendants' prior settlement. Defendant argues that a prior settlement does not confer jurisdiction over PTR LLC in this way, citing *United States v. Subklew*, 2001 WL 896473 at *3 (S.D. Fla. June 5, 2001) (Judge Graham). That district court held that "a party's initiation or defense of a legal action in [a state] does not provide personal jurisdiction over that party in a separate suit . . .

5

even where . . . the later suit arises from subject matter that is similar to the earlier suit." Our court of appeals has not addressed this specific issue. *Subklew*, though not binding, has been cited by five other district courts and this order finds *Subklew* similarly persuasive, where defendants agreed to an statutory fine with a limited "Consent to Jurisdiction" clause.

Accordingly, plaintiffs cannot establish personal jurisdiction over PTR LLC based solely on the argument that PTR LLC purposefully availed itself of the benefits and protection of California law by settling a Proposition 65 case in this forum.

### 2. WHETHER PTR GLOBAL HAS MINIMUM CONTACTS WITH THE FORUM.

In their complaint, plaintiffs did *not* allege that PTR Labs is an agent of PTR Global. Plaintiffs bring this allegation for the first time in their opposition and argue three points: (1) PTR Global is not a mere holding company but rather exercises control over PTR Labs and would substitute in to sell and market cosmetic products if PTR Labs were unable to do so; (2) PTR Labs acts as agent of PTR Global to distribute, market and sell products through a website operated by PTR LLC; and (3) PTR LLC and PTR Global share the same address for service of process and operate jointly to exercise control over PTR Labs (Dkt. No. 26 at 14). The issue is whether PTR Labs' California connections may be attributed to PTR Global under an agency theory for the purpose of establishing personal jurisdiction.

*First*, the only connection that plaintiffs identify between PTR Global and California is via a supposed agency relationship with PTR Labs (Dkt. No. 26 at 13), providing no facts or evidence of that relationship. (And, to repeat, nor is this agency relationship alleged in the complaint.) Our court of appeals has held that the existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 925–26 (9th Cir. 2001). Our court of appeals also distinguished an agency relationship between a holding company and its subsidiary, explaining that the holding company parent could simply hold another type of subsidiary, in which case imputing the subsidiary's jurisdictional contacts to the parent would be improper. *Unocal*, 248 F.3d at 929 (quoting *Gallagher v. Mazda Motor of America, Inc.*, 781 F. Supp. 1079, 1083–84 (E.D. Pa. 1992)).

In *Bauman v. DaimlerChrysler Corp.*, 571 U.S. 117 (2014), the Supreme Court rejected our court of appeals' use of an "agency test" for establishing general jurisdiction. While the Supreme Court left open the possibility that this agency test may be used for specific jurisdiction, our court of appeals has held that *Daimler*'s rejection of the agency test in the context of mere parent-subsidiary relationships "applies with equal force regardless of whether the standard is used to establish general or personal jurisdiction." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017).

Even assuming, however, that an agency relationship may serve as a basis for conferring specific jurisdiction over a nonresident defendant, plaintiffs do not allege any facts that satisfy these requirements. Uncontroverted testimony from Peter Thomas Roth states that PTR Global does not exercise any control or direction over PTR Labs (Dkt. No. 13 at ¶¶ 3, 12). "Fundamental tenets of agency theory require that an agent 'act' on the principal's behalf and subject to the principal's control." *Ibid* (quoting Restatement (Third) of Agency § 1.01 (2006)).

Plaintiffs' allegation that defendants were in a principal-agent relationship with PTR Labs is a conclusory legal statement unsupported by any evidence regarding PTR Global's control over PTR Labs (or regarding any other aspect of the principal-agent relationship), and accordingly it is not credited. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Second*, plaintiffs plead no facts to make out a *prima facie* case that a principal-agent relationship exists between PTR Global and PTR Labs through the website. Plaintiff only offers their complaint's allegation that:

> [A]t all times . . ., Defendants . . . were members of, and engaged in, a joint venture, partnership and common enterprise . . . .

(Dkt. No. 1-1 ¶¶ 10–12). Mere conclusory allegations are not enough to confer jurisdiction.

*Third*, plaintiffs argue that PTR LLC and PTR Global share the same address for service, as proof of their connection. Defendants clarify that PTR Labs' New York office and address for service is located at its place of business, 460 Park Avenue, 16th Floor, New York, New York 10022. Defendants add that PTR LLC and PTR Global both share a separate address, Mr. Peter Thomas Roth's residential address (Dkt. No. 28-1, Orezan Decl. ¶¶ 5, 7). The connection of an address shared by PTR LLC and PTR Global fails to show control over PTR Labs.

7

As such, plaintiffs fail to show that PTR Global has minimum contacts with California.

### 3. WHETHER PLAINTIFFS MAY HAVE LIMITED JURISDICTIONAL DISCOVERY.

An order of jurisdictional discovery is not to be had for the taking. Rather, plaintiffs must first make some showing as to the facts that plaintiffs expect to uncover through jurisdictional discovery. Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

#### A. Granting Jurisdictional Discovery Regarding PTR LLC

The question of whether the presence of PTR LLC on PTR Labs' website was a typographical mistake or reflected some other connection between the two companies that would confer jurisdiction over PTR LLC in this action is serious enough to hold PTR LLC in for the present purpose of jurisdictional discovery regarding facts related to the website. Therefore, plaintiffs' request for a continuance to conduct further jurisdictional discovery against PTR LLC is granted.

#### B. Denying Jurisdictional Discovery Regarding PTR Global

While plaintiffs allege in their opposition that PTR Global is in a principal-agent relationship with PTR Labs, plaintiffs only provide conclusory allegations, not facts. Conclusory allegations are unsupported and fail to make a *prima facie* showing that the exercise of jurisdiction is proper. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Moreover, such allegations are not even found in the complaint. Therefore, plaintiffs' request for a continuance to conduct further jurisdictional discovery against PTR Global is **DENIED**.

### CONCLUSION

Defendant Peter Thomas Roth LLC's motion to dismiss is **DENIED**. Plaintiffs' request for a continuance to conduct further jurisdictional discovery against Peter Thomas Roth LLC is **GRANTED**, with 75 days of jurisdictional discovery, to end on **JUNE 20.** Thereafter, both sides

may file supplements due **JULY 2.** Defendant Peter Thomas Roth Global's motion for dismissal is **GRANTED**. Plaintiffs' request to conduct further jurisdictional discovery against Peter Thomas Roth Global is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 5, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE