IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARI MILLER and SAMANTHA
PAULSON, individually and on behalf of all
others similarly situated,

    Plaintiffs,

  v.

PETER THOMAS ROTH, LLC; PETER
THOMAS ROTH GLOBAL, LLC; PETER
THOMAS ROTH LABS LLC; and DOES
1–100,
    Defendants.

No. C 19-00698 WHA

**ORDER ON PTR LLC'S MOTION
TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

    The background of this action has been set forth in a prior order on a motion to dismiss for lack of personal jurisdiction (Dkt. No. 38). In brief, plaintiffs filed the instant false advertising action against, relevant here, three entities bearing the name of Peter Thomas Roth in one variation or another, alleging all claims against each defendant equally: Peter Thomas Roth, LLC ("PTR LLC"); Peter Thomas Roth Global, LLC ("PTR Global"); and Peter Thomas Roth Labs LLC ("PTR Labs"). On February 20, both PTR LLC and PTR Global moved to dismiss for lack of personal jurisdiction (Dkt. No. 18). An order dated April 5 granted the motion as to PTR Global and allowed discovery as to PTR LLC (Dkt. No. 38).

    Regarding PTR LLC, plaintiffs argued PTR LLC was the contracting entity for every purchase made on the website at issue (www.peterthomasroth.com), inasmuch as that website had published the name "Peter Thomas Roth, LLC" in the terms of service agreement and the privacy policy (Dkt. Nos. 26-1, 26-2). Thus exercising personal jurisdiction over PTR LLC was

proper, according to plaintiffs (*see* Dkt. No. 26 at 12). PTR LLC countered that the website, which is allegedly owned and operated by PTR Labs, had mistakenly listed "Peter Thomas Roth, LLC" instead of "Peter Thomas Roth Labs, LLC" on its website due to a typographical error.[*] The order dated April 5 accordingly granted plaintiffs seventy-five days to conduct jurisdictional discovery as to the alleged typographical error (Dkt. No. 38 at 4). This order follows the parties' submission of supplemental briefs detailing the results of plaintiffs' jurisdictional discovery, which included the production of documents and a Rule 30(b)(6) deposition (Dkt. Nos. 52–53).

Because there is no statutory method for resolving the question of personal jurisdiction, "the mode of its determination is left to the trial court." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citing *Gibbs v. Buck*, 307 U.S. 66, 71–72 (1939)). Where, as here, the court "determines that it will receive only affidavits or affidavits plus discovery materials," the plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." *Ibid*. If the plaintiff makes a *prima facie* showing to defeat the defendant's motion to dismiss, however, she must still prove the jurisdictional facts by a preponderance of evidence at a preliminary hearing or at trial. *See id*. at 1285 n.2.

This order finds that plaintiffs have made a *prima facie* showing of the jurisdictional facts. The fact remains that the website named PTR LLC as the contracting entity. The requested jurisdictional discovery failed to reveal facts that sufficiently proved either PTR LLC's typographical error theory or plaintiffs' assertion that naming PTR LLC was intentional. Both sides are to blame for the fruitless discovery. Plaintiffs began discovery on the wrong foot with their noticed topics for the Rule 30(b)(6) deposition. Their requested "matters for examination" included (Ozeran Decl., Exh. A at 5–6):

> 1.  YOUR contacts, relationship, activities with or within the state of California, INCLUDING ANY sales, contracts, agreements, disputes, complaints, lawsuits, marketing, advertising, insurance, development, testing, sourcing, or any other business activities or contact with (or within) the state.

---

[*] PTR LLC now asserts that Mr. Peter Thomas Roth, as an individual, owns the website at issue (Dkt. No. 52 at 2; Ozeran Decl., Exh. C).

2

> 2. YOUR initial disclosures, discovery responses, discovery objections, document production(s), pleadings and filings in this LITIGATION.

These absurdly overbroad topics violated the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases, which order laid down discovery guidelines for the conduct of the case. That order clearly required that subject matters noticed for a Rule 30(b)(6) deposition be "described with 'reasonable particularity' " and noted that "it [was] normally improper to ask for FRCP 30(b)(6) deponents to testify concerning the entire basis of a claim or defense" (Standing Order at ¶ 32(a)). Plaintiffs' failed to heed this guidance.

PTR LLC, however, also foot-faulted by failing to produce a witness to testify on the issue at hand — namely, whether the naming PTR LLC was a typographical error — based on *personal knowledge* (*see id*. at ¶ 32(c)). Though PTR LLC's Rule 30(b)(6) witness, Natalie Virtue, had worked on PTR Labs' website "at one point," she did not work on the website during the relevant time frame and thus had no direct knowledge of the alleged typographical error at issue (*see, e.g.*, Ozeran Decl., Exh. B at 82:24–83:6, 120:7–13). At most, her personal knowledge amounted to prior experience with other errors not at issue in the instant action (*see, e.g.*, Safier Decl., Exh. A at 88:10–14). Nor did Virtue attempt to determine who made the alleged typographical error or how the error originated (*id*., Exh. A at 93:9–22, 94:15–19).

At bottom, the website named PTR LLC during the relevant time frame. That alone is *prima facie* proof to sustain the question of personal jurisdiction until trial. The seventy-five day jurisdictional discovery shed little light on the issue either way. The question of personal jurisdiction remains, however, as plaintiffs must still prove the jurisdictional facts at trial. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) ("[P]laintiffs bear the burden both of making an initial, prima facie showing of jurisdictional facts at the pleading stage and of proving those facts by a preponderance at trial."). At trial, PTR LLC may convince the jury that its inclusion was in fact a typographical error — but that will be for the jury to decide. For the time being, this order denies PTR LLC's motion to dismiss.

**IT IS SO ORDERED.**

Dated: August 14, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3