UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARI MILLER, et al.,

    Plaintiffs,

v.

PETER THOMAS ROTH, LLC, et al.,

    Defendants.

No. C 19-00698 WHA

**ORDER DENYING PLAINTIFFS' MOTION TO CONTINUE DISCOVERY AND TRIAL**

In this false advertising action against skincare company Peter Thomas Roth, Designs, Global, and Labs ("PTR Labs"), plaintiffs move for a continuance of discovery and trial (Dkt. No. 89). For the foregoing reasons, the motion is **DENIED.**

Plaintiffs make six unavailing pleas:

*First*, plaintiffs complain that the Court's continuance of the class certification hearing derailed plaintiffs' discovery plan. Specifically, "they had anticipated being able to utilize this Court's guidance at the hearing to make determinations about the final stages of discovery and their needs at trial" (*ibid.* at 3). Plaintiffs should prepare their case before filing, pursue their discovery plan diligently, and react promptly to changes in circumstance — ***not*** wait for "guidance."

*Second*, plaintiffs complain that PTR Labs' "premature motions for summary judgment," filed November 6 (Dkt. No.) and November 25 (Dkt. No. 78), "complicate[] matters" (Dkt. No.

89 at 4). Hardly — by filing "premature" motions, PTR Labs showed its cards early and blessed plaintiffs with weeks of discovery knowing what the defense case actually is.

*Third,* plaintiffs then complain the current schedule will complicate administration of class notice should plaintiffs move for summary judgment (*id*. at 4). Plaintiffs have not yet moved for summary judgment, so this issue is not ripe.

*Fourth*, plaintiffs complain that they "had not anticipated that Defendants would file not one but two summary judgment motions in advance of the hearing on class certification" (*id.* at 4). If plaintiffs believed PTR Labs' dual-partial motions for summary judgment were a run-around the Civil Local Rules, they should have raised the objection promptly. Having not done so, the objection was waived.

*Fifth*, plaintiffs complain "Defendants argued [in their summary judgment motions] that Plaintiffs did not have sufficient expert evidence to support their claims, requiring Plaintiffs to do work with their science expert to prepare initial reports that Plaintiffs had anticipated being able to do in January" (*id.* at 5). Defendants did not act out of the ordinary.

*Sixth*, plaintiffs complain they will be busy in another trial in late December and early January (*id.* at 5). This is the first the Court has heard of the conflict. The list of counsel for plaintiffs is long enough to handle the problem.

Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 17, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE