UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARI MILLER, et al.,

       Plaintiffs,

     v.

PETER THOMAS ROTH, LLC, et al.,

       Defendants.

No. C 19-00698 WHA

**ORDER DENYING MOTION
FOR CLASS CERTIFICATION**

## INTRODUCTION

In this false advertising action about cosmetics, plaintiffs move to certify four classes. For the following reasons, the motion is **DENIED AS MOOT WITHOUT PREJUDICE**.

## STATEMENT

Defendants Peter Thomas Roth, Designs, Global, and Labs LLC ("PTR Labs") market specialty skincare products. Two of their product lines, the Water Drench and Rose Stem Cell, are at issue here. The Water Drench Products contain hyaluronic acid which, as PTR Labs advertises, attracts and retains up to one thousand times its weight in water from moisture in the atmosphere. PTR Labs also advertise the Rose Stem Cell line with the buzzwords "bio repair," "reparative," "rejuvenates," and "regenerates," (Dkt. No. 65 at 2, 3, 10).

Plaintiff Kari Miller reportedly purchased a PTR Labs Water Drench product after hearing an ad proclaiming the hyaluronic acid's exceptional water retention, believing the product a superior skin hydrator. Plaintiff Samantha Paulson reportedly purchased a PTR Labs

Rose Stem Cell Gel Mask after seeing words like "bio repair," "rejuvenates," and "regenerates," concluding the product might help the appearance of a facial scar. Plaintiffs contend both ads are false or misleading and filed suit under, among others, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. (Dkt. No. 65 at 6–8, 9, 12–13).

Plaintiffs seek to certify four classes, two sets for each of the challenged ads: (1) a Rule 23(b)(2) class for injunctive and declaratory relief; and (2) a Rule 23(c)(4) class to find liability in support of later litigation regarding monetary relief. Plaintiff Miller seeks to lead the two classes based upon the Water Drench products:

> **Water Drench Class**: All purchasers of the Water Drench Products in California since December 28, 2014.

Plaintiff Paulson seeks to lead the two classes based upon the Rose Stem Cell Products:

> **Rose Stem Cell Class**: All purchasers of the Rose Stem Cell Products California since December 28, 2014.

This order follows full briefing and oral argument.

## ANALYSIS

Plaintiffs seek class certification of their § 17200 claims to obtain a declaration of liability and injunction. They do not seek restitution now, acknowledging individual calculation issues. Nor do plaintiffs seek class certification of the remainder of their claims (Dkt. No. 65 at 1). Proceeding in parallel with class and individual claims seems unnecessarily complex.

In suits by private citizens, §17200 provides that:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be *enjoined* in any court of competent jurisdiction. The court may make such orders or *judgments* . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition . . . or as may be necessary to *restore* to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

§ 17203 (emphasis added). "[A]n injunction under the UCL . . . against deceptive advertising practices is clearly for the benefit of the general public." And though California's Proposition 64 limited private citizen standing to sue under § 17200 to those who those who have relied on

and suffered injury-in-fact from an ad, "public injunctive relief remains a remedy available to private plaintiffs under the UCL . . . ." On the other hand, where once a plaintiff could file a "representative action" for "disgorgement and/or restitution on behalf of persons other than or in addition to the plaintiff" without filing a class action, Proposition 64 now requires such "representative claims to be brought as class actions." *McGill v. CitiBank, N.A.*, 393 P.3d 85, 90, 93 (Cal. 2017) (citations omitted).

Simply put, § 17200 provides for injunction and restitution. A private plaintiff may request a statewide injunction without a class, but must file a class action to obtain restitution for a class of consumers. Thus, plaintiffs' present goals can be achieved without class certification. The requested liability finding and injunction are "for the benefit of the general public" and require no class. Class certification will be needed only if plaintiffs win and seek restitution "on behalf of" others, *i.e.* a class of consumers. *See ibid.* So this case *may* proceed without class certification — the question is whether it *should*.

This implicates the so-called "one-way intervention" problem. Such delay of class certification can do injustice, where, for example "[a] victory by the plaintiff would be followed by an opportunity for other members of the class to intervene and claim the spoils [but] a loss by the plaintiff would not bind other members of the class." *Fireside Bank v. Superior Ct.*, 155 P.3d 268, 274 (Cal. 2007). Indeed, our court of appeals has recognized that Federal Rule of Civil Procedure 23 was adopted, in part, "to prevent one-way intervention" — that is, the intervention of a plaintiff in a class action after an adjudication favoring the class has taken place." *Schwarzchild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995).

But, as our court of appeals demonstrated in *Schwarzchild*, one-way intervention is not prohibited. Indeed, certain situations call for its careful use:

> [T]he strongest argument for forbidding post-judgment class certification is that pre-judgment certification and notice to the class are necessary to protect the defendant from future suits by potential members of the class. But that rationale disappears when the defendant himself moves for summary judgment before a decision on class certification. In such a situation, the defendants assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of stare decisis stands between them and the prospective onrush of litigants.

*Id.* at 297.  Here, PTR Labs moved for summary judgment promptly after plaintiffs filed for

class certification.  Defendants have weighed the options and chosen to attack early, rather than

wait to bind a class to their victory.  Moreover, defendants have explicitly agreed to waive their

protections against one-way intervention for the purposes of this plan (Dkt. No. 99).

**CONCLUSION**

In sum, plaintiffs' false advertising claims will proceed individually against PTR Labs

because they can obtain their requested liability determination and statewide injunction against

PTR Labs' challenged ads without certifying a class.  The need for a class to distribute

restitution will be addressed if plaintiffs succeed individually on the merits.  Because class

certification does not advance plaintiffs' claims for relief, the motion for class certification is

**DENIED AS MOOT WITHOUT PREJUDICE**.


**IT IS SO ORDERED.**


Dated:  January 21, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE