UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARI MILLER, et al.,

    Plaintiffs,

v.

PETER THOMAS ROTH, LLC, et al.,

    Defendants.

No. C 19-00698 WHA

**ORDER GRANTING RECONSIDERATION AND DENYING SUMMARY JUDGMENT**

**INTRODUCTION**

After largely defeating defendants' motion for summary judgment in this deceptive cosmetics advertising case, plaintiff moves the Court to reconsider an issue resolved in defendants' favor and now herself moves for summary judgment. The motion to reconsider is **GRANTED**. But triable issues still remain, so the motion for summary judgment is **DENIED**.

**STATEMENT**

A prior order details the facts of this case (Dkt. No. 104). In brief, defendants Peter Thomas Roth, Designs, Global, and Labs LLC ("PTR Labs") market specialty skincare products and plaintiff Kari Miller contends PTR Labs falsely and deceptively advertised that the hyaluronic acid contained in its Water Drench line could attract and retain up to one thousand times its weight in water.

1    A January 22 order largely denied defendants' motion for summary judgment, finding Ms. Miller had offered sufficient evidence of her reliance on the ad to afford standing, and had offered sufficient evidence against hyaluronic acid's advertised water retention. The challenged ad went further, though. It apparently claimed that hyaluronic acid could attract and retain that water *from the atmosphere* (Dkt. No. 85 at 1). But, finding Ms. Miller had not adequately challenged this atmospheric absorption claim on the merits, the January 22 order granted summary judgment against this challenge without addressing whether she had offered sufficient evidence of reliance (Dkt. No. 104 at 6, 11).

Ms. Miller moves for reconsideration, arguing the ruling incorrectly construed PTR Labs argument against one prong of her claim as a challenge to *both* prongs. Simply, PTR Labs did not move against the merits, but only against Ms. Miller's standing to challenge the atmospheric absorption claim (Dkt. No. 137 at 5–6). She also moves for summary judgment against PTR Labs for deceptively advertising the properties of hyaluronic acid.

**ANALYSIS**

**1.    RECONSIDERATION IS WARRANTED.**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marylyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Our local rules explain that a clear error involves "[a] manifest failure by the Court to consider material facts or dispositive legal arguments . . . ." Civ. L.R. 7-9(b)(3).

The asserted California Business and Professions Code § 17200 prohibits "not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Williams v. Gerber Prods.*, 552 F.3d 934, 938 (9th Cir. 2008). But to sue, private citizens must "ha[ve] suffered injury in fact and ha[ve] lost money or property as a result" of the misleading ad. § 17204; *Kwikset Corp. v. Sup. Ct.*, 246 P.3d 877, 884 (Cal. 2011).

2

United States District Court
Northern District of California

As above, the January 22 order granted summary judgment against Ms. Miller's challenge to the atmospheric absorption ad because she did not provide sufficient evidence of its falsity. But, upon reconsideration, PTR Labs did not move against the merits of her claim. Rather they moved only against her standing, arguing Ms. Miller did not actually rely on this part of the ad (Dkt. Nos. 116, 122). At summary judgment, the movant "always bears the *initial* responsibility . . . [to] demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations and quotations omitted). As PTR Labs demonstrated no absence of material fact as to the *merits* of Ms. Miller's claim, summary judgment was improper.

The question here is whether that ruling was prejudicial. PTR Labs argues it was not, reiterating its previous arguments that Ms. Miller lacks standing to challenge the atmospheric absorption ad (Dkt. No. 141). This order disagrees.

Ms. Miller provides sufficient evidence to create a genuine dispute about whether she relied on the atmospheric absorption ad. One of her interrogatory responses states that she relied on claims that "hyaluronic acid . . . draws in atmospheric vapor" (Dkt. No. 65-18, No. 6). PTR Labs argues this interrogatory response is a sham concocted to create a dispute of fact because it contradicts Ms. Miller's deposition testimony which disclaimed any reliance on the atmospheric absorption ad (Dkt. No. 92 at 2–3).

A party cannot create an issue of fact via an affidavit contradicting prior testimony. But discrediting an affidavit as a sham is "is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quotation marks omitted). After all, at summary judgment, "[t]he evidence of the non-movant is to be *believed*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (emphasis added). To discredit the affidavit, this order "must make a *factual determination* that the contradiction is a sham" because the inconsistency between the deposition testimony and subsequent affidavit is "clear and unambiguous." *Yeager*, 693 F.3d at 1080 (emphasis added).

Such a finding is inappropriate here. Although she never testified to reliance, Ms. Miller never testified that she *did not* rely on the atmospheric absorption claim. PTR Labs' counterarguments undermine Ms. Miller's credibility, but they do not prove her deposition and interrogatory response clearly contradictory.

At deposition, PTR Labs notes, counsel asked Ms. Miller four times what ads she relied on when purchasing the Water Drench product. The exchange below is representative (Dkt. 78-3 at 105–06):

> Q  Do you remember any specific claim that was made on the QVC commercial that you recall?
>
> **A  Yeah. Able to — able to hold — hold its weight in water a thousand times. That was like, pretty much —**
>
> Q  And do you think that — I'm sorry.
>
> **A  And — yeah. And that was, like, the first time I heard that. So it seemed —**
>
> Q  And do you think that claim is false?

Four times asked, PTR Labs says, and four times the same response. Ms. Miller had ample opportunity to state her reliance on the atmospheric absorption ad. Her counsel surrendered the immediate chance to cure the alleged error with direct examination. Then, Ms. Miller waited *three* months after her deposition to offer her interrogatory response (*compare id.* (July) *with* Dkt. No. 65-18 (October)).

But, the contradiction is not "clear and unambiguous." *See ibid.* After hearing that Ms. Miller relied on the claim that hyaluronic acid can hold up to 1,000 times its weight in water, defense counsel *never closed out* the line of questioning with a simple, "did you rely on anything else?" Without affirmative testimony that Ms. Miller *did not* rely on any other ads her interrogatory response is not contrary to her deposition testimony. Defense counsel controlled the deposition; they must live with what they asked and what they did not.

On this record, Ms. Miller's interrogatory response is not clearly and unambiguously a sham. Our jury may not believe Ms. Miller's story, but at summary judgment, this order must. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Ms. Miller presents sufficient

evidence of standing to take her challenge to the atmospheric absorption ad to trial. Of course, at trial she will be clothed with her deposition testimony, but that's for the jury to sort out.

### 2. TRIABLE ISSUES PLAGUE MS. MILLER'S CASE.

It appears Ms. Miller does not want to take her claims to trial. Instead, she moves for summary judgment herself. But triable issues remain.

Summary judgment is appropriate if there is no genuine dispute of material fact, those facts "that might affect the outcome of the suit." "[T]he substantive law's identification of which facts are critical and which facts are irrelevant . . . governs." A genuine dispute is one where there is "sufficient evidence" such that a "reasonable jury could return a verdict for the nonmoving party." *Id.* at 248–49. "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If "a proper jury question" remains, summary judgment is inappropriate. *See Anderson*, 477 U.S. at 249.

As above, § 17200 prohibits false or deceptive advertising. *Gerber*, 552 F.3d at 938. The claim has two prongs, statutory standing and merits, and triable issues plague each.

*First*, a private plaintiff must have actually relied on the ad. The question is whether the plaintiff "would not have bought the product but for the misrepresentation." *Kwikset*, 246 P.3d at 884, 890. As above, to prove reliance, Ms. Miller offers deposition testimony and interrogatory responses that she purchased the PTR Labs Water Drench products because she believed and recalled a television ad proclaiming the hyaluronic acid's ability to attract and retain one thousand times its weight in water from the atmosphere (Dkt. No. 118 at 11–12; Dkt. No. 78-3 at 94, 105–06; Dkt. No. 65-18, No. 6).

Ms. Miller's reliance turns on whether she truthfully reports her state of mind at purchase. Such "[c]redibility determinations . . . are jury functions, not those of a judge, whether . . . ruling on a motion for summary judgment or for a directed verdict." *See Anderson*, 477 U.S. at 255; *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1042–

5

43 (9th Cir. 2011) ("credibility of witnesses is almost categorically a trial issue"). Her motion facially conceding this triable issue, PTR Labs arguments (or lack of) are moot. *See Celotex*, 477 U.S. at 323.

*Second*, "[a]s a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case." And "the usual summary judgment rules" apply to "UCL and CLRA claims." A party "need only produce evidence of a genuine dispute of material fact that could satisfy the preponderance of the evidence burden at trial." One can achieve this by "producing expert testimony and other scientific data . . . ." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992–93 (9th Cir. 2018).

A triable dispute remains as to the actual falsity and deceptiveness of PTR Labs' ad. Ms. Miller presents: (1) the testimony of Dr. Michael Pirrung to demonstrate that hyaluronic acid cannot attract and retain one thousand times its weight in water; and (2) the testimony of Dr. J. Michael Dennis to demonstrate, via survey evidence, that California consumers believe the ads in question (Dkt. No. 118 at 12–13, 15–19). But in response, PTR Labs presents: (1) the testimony of Dr. Robert Y. Lochhead to demonstrate that hyaluronic acid can, in fact, attract and retain one thousand times its weight in water; and (2) the testimony of Prof. Dominique Hanssens to counter Dr. Dennis' survey evidence (Dkt. Nos. 124–127, 135-1). These disputes regarding the actual falsity and deceptiveness are enough to preclude summary judgment. After all, PTR Labs need not foreclose Ms. Miller's case — they need only show triable issues. *Sonner*, 911 F.3d at 993.

Ms. Miller disputes the adequacy of Dr. Lochhead and Prof. Hanssens' analyses, and so too PTR Labs challenges the adequacy of Dr. Pirrung and Dr. Dennis' reports (Dkt. Nos. 123 at 11, 15–17; 139 at 3–10, 12–14). But as our court of appeals explained in *Sonner*, "[a]t trial, undoubtedly each party will seek to undermine the scientific bases underlying the opinion of the opposing party's expert. Those arguments, however, go to the weight that the fact-finder should give to the evidence, an inquiry that is not proper at the summary judgment stage." *Id.* at 992–93.

*Third*, ultimately the deceptiveness of an ad is "evaluated from the vantage of a *reasonable consumer*," the question being whether "members of the public are likely to be deceived." "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate [disposition as a matter of law]." And the deceptiveness of an ad lies in the divergence between the reasonable consumers' interpretation of the ad and reality. *See Gerber*, 552 F.3d at 938–39 (quotation omitted).

Although a prior order found Ms. Miller's literal understanding of the ad reasonable, *i.e.* that hyaluronic acid *actually does* attract and retain up to 1,000 times its weight in water, it did not foreclose other reasonable interpretations (Dkt. No. 104 at 3–4). As our court of appeals recently explained in *Becerra v. Dr Pepper/Seven Up, Inc.*, fantastic — *even untrue* — statements are not deceptive where the reasonable consumer would not take them literally as a statement of fact. *See* 945 F.3d 1228–31 (9th Cir. 2019). Thus, whether PTR Labs' ad that hyaluronic acid can attract and retain up to 1,000 times its water weight is deceptive, or mere puffery, is a question of fact for the jury.

As a final note, Ms. Miller raises the creative argument that § 17200 provides only for injunctive relief, therefore PTR Labs is not guaranteed a trial by jury. But § 17200 supports restitution awards of several hundred million dollars. *See, e.g.*, *Gutierrez v. Wells Fargo Bank, N.A.*, 944 F. Supp. 2d 819, 821, 823 (N.D. Cal. 2013) ($203 million restitution award). Such awards are close enough to damages that this order a least will not take away a jury. And, even if the judge is the fact-finder, such a monetary award must be done after trial, not on summary judgment.

Issues of fact preclude summary judgment in favor of plaintiff's § 17200 and, by extension, § 17500 claims. As already stated, our fact-finder will look forward to an in-court demonstration of the ad's truth or falsity. Indeed, given Dr. Lochhead's competing test procedure, the fact-finder may enjoy dueling experiments. Then, the fact-finder will determine whether the ad was deceptive.

## CONCLUSION

Ms. Miller's motion for reconsideration is **GRANTED**. But her motion for summary judgment is **DENIED**. Ms. Miller may take her challenge against PTR Labs' ad that hyaluronic acid attracts and retains one thousand times its weight in water from the atmosphere to trial.

**IT IS SO ORDERED.**

Dated: March 24, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE